JOHN M. HYER

*vs.*

LEWISTON, AUGUSTA & WATERVILLE STREET RAILWAY COMPANY.

Androscoggin.   Opinion July 24, 1915.

*Collision.   Damages.   Injuries.   Negligence.   Passenger.*

No tendency is discovered on the part of the plaintiff to exaggerate either his objective or his subjective symptoms. The evidence, as a whole, leaves no doubt that the verdict, if excessive at all, is not so excessive as to justify the interference of the court.

On motion by defendant for a new trial.   Motion overruled.

This is an action to recover damages for injuries received by reason of the negligence of the defendant in so running one of its cars, on which plaintiff was a passenger, that it collided with another car of defendant. Plea was the general issue. The verdict was for plaintiff for $566.00.   Defendant filed a motion for a new trial.

The case is stated in the opinion.

*W. H. Judkins*, for plaintiff.

*Newell & Woodside*, for defendant.

SITTING: SAVAGE, C. J., SPEAR, KING, BIRD, HALEY, HANSON, JJ.

SAVAGE, C. J.   Two of the defendant's cars collided, and the plaintiff, a passenger on one, was injured.   For his injuries, the

jury awarded him $566. The case is now before the court on a motion for a new trial, and the only ground urged is that the verdict was excessive. The question of liability is not contested.

The physical injury was a sprain of the metatarsal joint of the right foot. The plaintiff wore a plaster cast three or four weeks. Then he returned to his accustomed employment, but continued to use crutches for two weeks after. The plaintiff contended, and the evidence warranted the jury in finding, that the injuries were more serious and continuing than a mere sprain. Being asked at the trial, several months after injury, to explain, the plaintiff said:— "It seems to be drawing this foot over like that all the time, and you let me take it and try to bend it out like that, and it seems as though you was taking a piece of thick heavy cloth and trying to tear it in two. . . . This cord now seems to be pulling up all the time." I walk "on the outside like that, because I can't step down square." He also said: "Nights after I get into bed it will vary in the hours when it starts in, but it pains me. Not what you may call a very severe pain, but pain enough to keep a man kind of awake. Sometimes it will pain me nights so I am awake three or four hours, then I will get into a drowse, and it will pain me and wake me up again, and that is the way I get it nights. Some nights I get a good nights' sleep. . . . . It feels fairly well in the morning, but take it along between two and three o'clock in the afternoon it begins to get weak and I have to kind of favor it from that on every day." The plaintiff's employer testified that "he simply limps around, and doesn't go as readily as he used to." His attending physician testified that when he examined him ten days before the trial, "while the motion in the joints was all perfect, he walked on the outside of his foot. He couldn't seem to flex or extend the toes. By any stimulus I was able to apply it seemed to be impossible to make him do it. I touched the bottom of his foot and around his leg with a pointed instrument, and made pressure over certain points on his legs, in trying to make him flex his toes, and did not succeed. Apparently he tried to flex his toes, and couldn't seem to. Apparently there was a lack of sensation as well as motion." Another physician tested him for sensation, and testifies that "apparently he had no feeling in the sole of his foot. I used a high frequency electric current upon the bottom of the foot; had a spark about an inch and a half long—very powerful spark, and I let that go on the sole of the

foot, and he never moved." The plaintiff has a noticeable enlargement of the right great toe joint, which he says did not exist before the injury. His physician who attended him at the time of the injury says he did not notice it. An eminent surgeon called by the defendant says, "I do not believe the accident had anything to do with it. I think it has been a gradual development." But he says further, "The foot is held in a rigid condition. While I was making my examination I tried to get the foot limbered up, but he held it rigidly, and apparently unconsciously. The toes did not move easily. They are not like the toes of the other foot. I think the accident gave rise to the condition; it was the exciting cause of the condition of this form of paralysis, this variation of paralysis; or, to put it another way, I think if he had not been hurt he would not have had the trouble with his foot. I believe the foot can recover, so far as the nervous element goes, just as soon as his mind gets off that foot, or a very little after."

Having stated the essential evidence, we think comment is unnecessary. We discover no tendency on the part of the plaintiff to exaggerate either his objective or his subjective symptoms. The jury were warranted in accepting his statements. And the evidence as a whole leaves no doubt in our minds that the verdict, if excessive at all, is not so excessive as to justify the interference of the court.

*Motion overruled.*